UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA JERGER,<br>      Defendant. | Criminal No. 2:24-mj-0137-1 |

MOTION FOR DETENTION

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because he has been charged with illegal possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). *See* 18 U.S.C. § 3142(f)(1)(E).

2. <u>Reason for Detention</u>.  The Court should detain the defendant because there are no conditions of release which will reasonably assure the safety of any other person and the community.

3. <u>Rebuttable Presumption</u>.  The rebuttable presumption does not apply in this case.

4. <u>Time for Detention Hearing</u>.  The United States requests the court conduct the detention hearing upon completion of the pretrial services report.

5. <u>Argument</u>.  The Court should detain the defendant because there is "clear and convincing evidence" that there are no conditions of release, or combination of conditions, which will reasonably assure community safety. The alleged offense involves the unlawful possession of a firearm by the defendant, a prohibited person, who at the time of his arrest also appeared to be under the influence of drugs.  *See* 18 U.S.C. § 3142(g)(1) (nature and circumstances of offense is

a detention factor, including "whether the offense…involves a…firearm"); *see also United States v. Batista*, 684 F.3d 333, 343 (2d Cir. 2012); *United States v. Hernandez*, 85 Fed. App'x 269, 271 (2d Cir. 2004) (stating that "guns are frequently tools of the drug trade"); *see also United States v. Carter*, 750 F.3d 462, 470 (4th Cir. 2014) (discussing link between drugs and violence).

The defendant also has a prior conviction in United States District Court for being a felon in possession of a firearm, and currently stands accused of possessing not one, but two guns. This is a serious offense.

The defendant's criminal history reveals numerous prior probation and parole violations. Indeed, most recently on October 27, 2024, the defendant was arrested in Burlington, Vermont and charged with, among other things, violations of conditions of release. Just six weeks later, he finds himself charged in the instant case following his release into the community. Thus, he is a poor candidate for community supervision. Accordingly, pretrial detention is needed to protect the public and to ensure the defendant's appearance in court.

6. <u>Government's Evidence at the Detention Hearing</u>. The Government reserves the right to supplement this motion with exhibits and additional evidence at a detention hearing(s). At the hearing, following a review of proposed conditions, the United States may address in more depth whether conditions may be set to protect the community and assure the defendant's appearance.

For the foregoing reasons, the Government respectfully submits that detention is the only way to reasonably assure the safety of the community and the appearance of the defendant as required. Accordingly, the Court should order the defendant's pretrial detention.

Dated at Burlington, in the District of Vermont, December 16, 2024.

        Respectfully submitted,

        NIKOLAS P. KEREST
        United States Attorney

By:    /s/ *Zachary B. Stendig*
        ZACHARY B. STENDIG
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725